UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

POYDRAS (LOUISIANA), LLC                CIVIL ACTION

VERSUS                                  NO. 06-3434

ST. PAUL TRAVELERS, ET AL               SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiff, Poydras (Louisiana) LLC ("Poydras"). Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

Poydras's claims concern unpaid claims made under an insurance policy issued by defendant The Travelers Indemnity Company of Connecticut ("Travelers") to Poydras regarding its property at 1615 Poydras Street in New Orleans. The plaintiff claims that it had retained Hibernia Insurance Agency, LLC ("Hibernia") to procure the insurance to provide advice and procure the policy. Specifically, Poydras claims to

1

have asked Hibernia to procure the same insurance as that provided for another property in New Orleans and that the policy proved to be inadequate when tested by some of Poydras's Hurricane Katrina claims.[1]

This matter was removed on the basis of jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA") and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).  It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co., 2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

Travelers also argues that Hibernia, the non-diverse insurance agent defendant, was fraudulently joined in order to defeat removal.  "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one."  B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  Ford v. Elsbury, 32

---

[1] There is no issue that the policy was issued in March 2004 or that it was renewed in March 2005, more than one year prior to filing suit on May 15, 2006.

F.3d 931, 935 (5th Cir. 1994).   This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).   See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  Smallwood, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."   Id.   "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  Id.

 Under Louisiana law, an insurance agent has a general duty use reasonable

diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  Southern Athletic Club,LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id.  However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested.  Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

  The Court has advised the parties that it has also ruled on the scope of the fiduciary duty owed by an insurance agent.  Fidelity, supra; Three X, L.L.C. v. Lexington Insurance Co., 2006 WL 3142276 (E.D.La.).   The Court finds that Poydras has stated a claim against Hibernia with regard to its advice and the procurement of the subject insurance for purposes of improper joinder.   The more substantial issue

4

presented concerns prescription.

>Under La. Rev. Stat. 9:5606A:
>
>>No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Travelers argues that any claim against Hibernia that any alleged misconduct occurred in 2004 when the policy was issued and not in conjunction with its 2005 renewal. It also argues that Poydras should have discovered any alleged negligence in coverage when it received the policy and should have read it, relying on Dobson v. Allstate Insurance Co., 2006 WL 2078423 (E.D.La.)(J. Vance).

Although the issue presented is a close one due to the commercial status of the plaintiff, the Court finds that whether or not Poydras should have known about the alleged fault of Hibernia upon receipt of the policy is an issue of fact that can not be resolved at this point on motion to remand based on improper joinder. The related argument that the claims against Hibernia are misjoined is also unpersuasive, in light of the connexity of the claims against Travelers and Hibernia based on the underlying

alleged loss.

The Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiff, Poydras (Louisiana) LLC is GRANTED. (Rec. Doc. 13). This matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 17th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE